**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**SHEENA DELONEY**                                                                    **PLAINTIFF**

**v.**                                    **CASE NO. 4:08-CV-04217 BSM**

**RAY TUCKER and ARKANSAS**
**SPORTS HALL OF FAME MUSEUM**                                         **DEFENDANTS**

<u>**ORDER**</u>

Before the court is the motion for summary judgment filed by defendants Ray Tucker

("Tucker") and the Arkansas Sports Hall of Fame ("ASHOF").  Plaintiff Sheena Deloney

("Deloney") filed this case on December 17, 2008, alleging that Tucker and ASHOF

discriminated against her because of her race, sex, and pregnancy; and alleging that she was

retaliated against in violation of Title VII.  She alleges that the discrimination occurred on

or about August 22, 2008.

Tucker and ASHOF moved for summary judgment on February 17, 2009.  Deloney's

response to the motion was due on March 10, 2009; however, she failed to respond.

Therefore, the facts, as set forth by the defendants, are deemed admitted.  *See* Local Rule

56.1(c) ("All material facts set forth in the statement filed by the moving party pursuant to

paragraph (a) shall be deemed admitted unless controverted by the statement filed by the non-

moving party under paragraph (b).").

"Summary judgment is proper if, after viewing the evidence and drawing all

reasonable inferences in the light most favorable to the nonmovant, no genuine issues of

material fact exist and the movant is entitled to judgment as a matter of law." *Nelson v. Corr.*

*Med. Servs.*, 533 F.3d 958, 961 (8th Cir. 2008) (citing Fed. R. Civ. P. 56; *Brown v. Fortner*, 518 F.3d 552, 558 (8th Cir. 2008)).  Defendants assert that summary judgment is appropriate because ASHOF is not an "employer" pursuant to 42 U.S.C. § 2000e(b), because it did not have fifteen (15) or more employees for each working day in each of twenty or more calendar weeks in either 2008 (the "current year" in which the discrimination occurred) or in 2007, the preceding calendar year.  Additionally, defendants assert that Tucker, Deloney's former supervisor, cannot be held liable because he was not Deloney's "employer" as defined by Title VII and he cannot be held liable under Title VII in his individual capacity.

In support of their motion, defendants provide the affidavit of Jennifer Smith, the Assistant Executive Director of ASHOF.  She states that "ASHOF has never employed more than fifteen (15) employees for any one work week at any time[,]" and that "[t]he number of employees during 2007 and 2009 has varied from a low of 2 to a high of 4."  Exh. 1, Smith Aff., Defs.' Motion for Summary Judgment.  Defendants also note that in Deloney's charge of discrimination, which is attached to the complaint, Deloney states that ASHOF employs under fifteen (15) people.  Further, the dismissal and notice of rights, issued by the Equal Employment Opportunity Commission, provides:  "The Respondent employs less than the required number of employees or is not otherwise covered by the statute."

42 U.S.C. § 2000e(b) provides, "The term 'employer' means a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any

agent of such person . . . ."  Indeed, the Eighth Circuit Court of Appeals has consistently held that "supervisors may not be held individually liable under Title VII."  *Clegg v. Ark. Dep't of Corrs.*, 496 F.3d 922, 931 (8th Cir. 2007) (quoting *Schoffstall v. Henderson*, 223 F.3d 818, 821 n.2 (8th Cir. 2000)).  For these reasons, summary judgment is appropriate.

Accordingly, defendants' motion for summary judgment (Doc. No. 13) is granted. Plaintiff's complaint is dismissed with prejudice.  All other pending motions are denied as moot.

IT IS SO ORDERED this 11th day of March, 2009.


_____
UNITED STATES DISTRICT JUDGE